<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____  :
                                 :
LEROY MOSLEY,                    :
                                 :       Civ. No. 16-51(RMB)
            Petitioner,          :
                                 :
       v.                        :       MEMORANDUM AND ORDER
                                 :
                                 :
WARDEN J. HOLLINGSWORTH,         :
                                 :
            Respondent.          :
_____  :

**BUMB,** United States District Judge

        Petitioner, a prisoner confined in FCI Fort Dix, Fort Dix,
New Jersey, filed a Petition for Writ of Habeas Corpus pursuant
to 28 U.S.C. § 2241 (ECF No. 1.) Petitioner contends he is
serving a sentence that exceeds the statutory maximum under
<u>United States v. Fish</u>, 758 F.3d 1 (1st Cir. 2014), and <u>Johnson
v. United States</u>, 559 U.S. 133, 140 (2010).

I.    BACKGROUND

        Petitioner, who filed his petition in this District,
requested that this Court transfer his petition to the
sentencing court, the United States District Court for the
District of Maine, pursuant to 28 U.S.C. § 1406.[1] (Pet., ECF No.

_____

[1]   28 U.S.C. § 1406(a) provides:

1 at 2.) He also contended that his petition is properly brought under 28 U.S.C. § 2241 because a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his conviction. (Id.)

Petitioner asserts that when his conviction became final, the conviction was legal under settled law of the First Circuit. (Id. at 3.) However, after his direct appeal and failed first motion under 28 U.S.C. § 2255, he contends the conduct for which he was convicted was deemed not to be criminal. He cannot satisfy the gatekeeping requirements of § 2255 because the new precedent is not one of constitutional law. The substance of Petitioner's argument is that the Armed Career Criminal Act ("ACCA") was improperly applied to him based on a conviction for assault and battery with a deadly weapon because he did not intend to use violent force, as defined in United States v. Johnson, 559 U.S. 133, 140 (2010) and United States v. Hart, 674 F.3d 33, 42 (1st Cir. 2012).

Respondent filed a motion to dismiss the petition for lack of jurisdiction. (Mem. of Law in Supp. of Resp't Mot. to Dismiss

---

            (a) The district court of a district in
        which is filed a case laying venue in the
        wrong division or district shall dismiss, or
        if it be in the interest of justice,
        transfer such case to any district or
        division in which it could have been
        brought.

2

Pet. for Writ of Habeas Corpus ("Resp't Mem.") ECF No. 7-1.)
Respondent asserts that the substance of the petition is a
challenge to the sentencing court's decision to enhance
Petitioner's sentence because he was a career offender under
U.S.S.G. § 4B1.1,[2] not under the ACCA. (<u>Id.</u> at 5.) Respondent
contends that this Court lacks jurisdiction under 28 U.S.C. §
2241 to address a sentencing court's decision to enhance a
sentence under U.S.S.G. § 4B1.1.

   In March 2005, Petitioner pled guilty, in the United States
District Court, District of Maine, to one count of conspiracy to
distribute 50 grams of crack cocaine. (<u>United States v. Mosley</u>,
No. 04 Cr. 57 (D.Me., Doc. No. 119) (Plea Agreement.)[3]
Petitioner's presentence investigation indicated he was a career
offender based on prior convictions of armed robbery, assault
and battery with a dangerous weapon, and armed assault with
intent to rob. (Resp't Mem., ECF No. 7-1 at 7.) On June 2, 2005,

---

[2] U.S.S.G. 4B1.1(a) provides:

> (a) A defendant is a career offender if (1)
> the defendant was at least eighteen years
> old at the time the defendant committed the
> instant offense of conviction; (2) the
> instant offense of conviction is a felony
> that is either a crime of violence or a
> controlled substance offense; and (3) the
> defendant has at least two prior felony
> convictions of either a crime of violence or
> a controlled substance offense.

[3] Available on the case locator at www.pacer.gov.

Petitioner was sentenced to a 262-month term of imprisonment, followed by five years of supervised release. United States v. Mosley, No. 04 cr 57 (D.Me. Doc No. 148) (Judgment.)

In February 2008, Petitioner sought a reduction of sentence pursuant to the crack cocaine amendments to the Sentencing Guidelines, but his request was denied. (Id., Mot. to Reduce Sentence, and Order on Mot. to Reduce Sentence, Doc Nos. 200, 202.) On May 21, 2009, Petitioner filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. (Mosley v. United States, Civ. No. 09-203-PH (D.Me., Doc. No. 1) (2255 Mot.) The motion was denied on June 30, 2009. (Id., Doc No. 7)(Order.)

In 2011, Petitioner moved for a sentence reduction under the Fair Sentencing Act ("FSA"), and for specific performance of the plea agreement. (United States v. Mosley, No. 04 Cr. 57 (D.Me., Doc. No. 224) (Mot.) The sentencing court denied the motion, noting Petitioner's sentence was not affected by the more lenient crack/cocaine guideline but was enhanced based on the finding that he was a career offender. (Id., Doc. No. 225) (Order.) The First Circuit affirmed the denial of Petitioner's request for a reduction of sentence under 18 U.S.C. § 3582(c) because his sentence was governed by the career offender guidelines. (United States v. Mosley, No. 12-1176 (1st Cir. Sept. 28, 2012) (Judgment.) Furthermore, the FSA was not

4

retroactive, and he was not entitled to a reduction. (Id.) On January 5, 2016, Petitioner brought his present challenge to his sentence under 28 U.S.C. § 2241.

II.  DISCUSSION

In the Third Circuit, the exception to the general rule that a challenge to a conviction or sentence must be brought under 28 U.S.C. § 2255 in the sentencing court has only been applied "where the petitioner was in the 'unusual position' of a prisoner with no prior opportunity to challenge his conviction for a crime that an intervening change in substantive law could negate with retroactive application." Okereke v. U.S., 307 F.3d 117, 120 (3d Cir. 2002) (quoting In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)). The Third Circuit has not extended this exception to include situations where a prisoner is challenging a sentencing enhancement based on an intervening change in substantive law. Id. (refusing to extend Dorsainvil exception to sentencing challenge under Apprendi); Rodriguez v. Warden Lewisburg USP, Nos. 15-3555, 15-3570, 2016 WL 1127869, at *2 (3d Cir. Mar. 23, 2016) (refusing to extend Dorsainvil exception to sentencing challenge under Alleyne v. United States, 133 S.Ct. 2151 (2013)).

Here, Petitioner challenges the basis for his sentencing enhancement, not the basis for his conviction. Therefore, this

5

Court lacks jurisdiction under 28 U.S.C. § 2241. Petitioner's claim is properly brought under 28 U.S.C. § 2255.

This is Petitioner's second motion to vacate, set aside or correct a sentence under 28 U.S.C. § 2255. Therefore, he must seek permission from the First Circuit Court of Appeals to bring a second or successive petition under 28 U.S.C. § 2255(h). It does not appear that the First Circuit has determined whether United States v. Johnson, 559 U.S. 133 (2010) is retroactively applicable within the meaning of 28 U.S.C. § 2255(h)(2), and further whether the holding in Johnson is also applicable to challenges under U.S.S.G. § 4B1.1. Therefore, this Court will construe the present petition as being raised under 28 U.S.C. § 2255, and, in the interest of justice, transfer it to the First Circuit Court of Appeals, pursuant to 28 U.S.C. § 1631.[4] I

IT IS, THEREFORE, on this **3rd** day of **June 2016,**

**ORDERED** that this Court construes the petition as being brought under 28 U.S.C. § 2255(h); and it is further

**ORDERED** that the Clerk of the Court shall transfer the

---

[4] 28 U.S.C. § 1631 provides in relevant part:

> [w]henever a civil action is filed in a
> court . . . and that court finds that there
> is a want of jurisdiction, the court shall,
> if it is in the interest of justice,
> transfer such action or appeal to any other
> such court in which the action or appeal
> could have been brought at the time it was
> filed . . .

petition to the First Circuit Court of Appeals, pursuant to 28 U.S.C. § 1631; and it is further

**ORDERED** that the Clerk shall serve a copy of this Memorandum and Order upon Petitioner by regular U.S. mail; and it is further

**ORDERED** that, upon transfer, the Clerk of Court shall close this file.

                                    s/RENÉE MARIE BUMB_____
                                    **RENÉE MARIE BUMB**
                                    **United States District Judge**